UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODIE R BEHRENS,<br><br>                                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                    Defendant. | Case No.: 23CV2254-BLM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER, 42 U.S.C. § 406(b)**<br><br>**[ECF No. 15]** |

Currently before the Court is Plaintiff's March 4, 2025, Motion for Authorization of Attorney's Fees Under 42 U.S.C. § 406(b) [ECF No. 15 ("Mot.")] and Defendant's March 5, 2024, response [ECF No. 16 ("Response")]. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On December 9, 2023, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her application "for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability." ECF No. 1.

On February 9, 2024, the parties filed a Joint Motion for Voluntary Remand. ECF No. 10. On February 12, 2024, the Court granted the parties' Joint Motion for Voluntary Remand. ECF No. 11.

On March 27, 2024, the parties filed a Joint Motion for the Award Of Attorney Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412(d). ECF No. 13. The Court granted the parties' motion on March 29, 2024, and awarded Plaintiff attorney's fees and expenses in the total amount of $1345.41 and costs in the amount of $0.00, subject to the terms of the parties' joint motion [see ECF No. 13]. ECF No. 14. On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff approximately $60,090.00 in past due RSDI benefits. Mot. at 3.

On March 4, 2025, Plaintiff filed a Motion for Attorney's Fees Under 42 U.S.C. § 406(b). Mot. On March 5, 2025, Defendant filed a Response to Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b). Response.

## PLAINTIFF'S POSITION

Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $6,009.00 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $1,345.41. Mot. at 2-4. Plaintiff argues that the $6,009.00 request is reasonable in light of the work performed and the results achieved. Id. at 4-5; see also ECF No. 15-4, Declaration of John D. Metsker ("Metsker Decl.") at ¶ 6. Plaintiff notes that her counsel spent 5.5 hours working the case before the District Court. ECF No. 15-3 (Record of Activity); see also Metsker Decl. at ¶ 5. Plaintiff's counsel seeks 10% of the net payable past due benefits under the terms of the contingency fee agreement ($6,009.00 based on the $60,090.00 judgment). Id. at 3.

## DEFENDANT'S POSITION

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Response at 3. Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. at 2. Defendant states that in reaching its finding, the Court must consider the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. Id. Defendant notes that Plaintiff's counsel's requested fees would "result in reimbursement at a rate of $1,107.27 per billed attorney hour."[1] Id. Defendant further notes that "[w]hen an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. section 406(b), the

---

[1] The *de facto* hourly rate is calculated by dividing $6,009.00 [fee requested] by 5.5 hours [total hours worked]. That equals $1092.54 per billed attorney hour not $1,107.27. Defendant appears to have divided $6090 by 5.5 hours, but the fee requested is $6009 not $6090. Response at 2.

1  attorney must refund the smaller fee awarded to the claimant." Id. at 3.

## LEGAL STANDARD

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and § 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 789.

## ANALYSIS

The Court finds that Plaintiff's fee request is reasonable. On November 17, 2023, Plaintiff entered into a Social Security Representation Agreement with counsel wherein she agreed that "[t]he federal court attorneys' fee for representation in my disability claim(s) shall be the **GREATER** of the following: 1) **25% (twenty-five percent)** of the past-due benefits resulting

from my claim or claims, **OR** 2) The amount of any award ordered pursuant to the Equal Access To Justice Act (EAJA) for the hours expended in pursuit of my claim(s) against the Social Security Administration." Metsker Decl. at ¶ 4, see also ECF No. 15-1, Contingent Federal Court Attorney-Client Fee Agreement (emphasis in original). Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. See Crawford, 586 F.3d at 1151–52. Before Plaintiff's counsel drafted and filed a Merits Brief, on February 9, 2024, the parties filed a Joint Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 10. The district court later granted the joint motion. ECF No. 11. On remand, Plaintiff's counsel achieved a fully favorable decision for his client and Plaintiff was granted $60,090.00 in retroactive disability benefits. ECF No. 15-2 ("Notice of Award"); see also Mot. at 3. This is a successful result for Plaintiff that would not have been achieved with a substandard performance by her counsel.

The Court notes that counsel's *de facto* hourly rate of $1092.54 is on the higher end, however, several cases have found rates of $1300 - $1600 to be appropriate, including cases in this district. See Roland S. v. Kijakazi, 2023 WL 6966153, at *3 (S.D. Cal., Oct. 20, 2023) ("[t]he de facto hourly rate is thus $1,438.35, which—although high, as discussed in further detail below—is in line with hourly rates approved by courts in similar cases, including in this district.") (citing Desiree D. v. Saul, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a *de facto* hourly rate of $1,494.34); Martinez v. Saul, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a *de facto* hourly rate of $1,488.83); and Reddick v. Berryhill, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving a *de facto* hourly rate of $1,990 upon reconsideration after previously reducing the fee award to an effective hourly rate of $1,080.26). Plaintiff's counsel spent a reasonable amount of time – 5.5 hours - working on this matter to

achieve a successful result. Metsker Decl. at ¶ 5; ECF No 15-3. Counsel has submitted a detailed billing statement in support of the requested fee that the Court has reviewed. Id. There is nothing in the billing statement showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151–52. There is also no evidence or indication that Plaintiff's counsel's work was inferior, that he engaged in dilatory conduct, or that he delayed the proceedings to potentially incur more fees. Accordingly, none of the factors the Court considers for reasonableness favor reducing the fee award.

In further support of its finding, the Court notes that taking Plaintiff's case on a contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when she sought review in this Court. While the hourly rate is high, the amount of the fees requested does not exceed the 25 percent statutory cap and, in fact, is 15 percent less than the statutory cap. Furthermore, Plaintiff filed no objection to the request, and counsel achieved excellent results for his client.

## CONCLUSION

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully got the matter remanded, received an order for retroactive benefits of $60,090.00 for his client, and seeks 10% of the past due benefits. Accordingly, the Court finds that a downward adjustment of the requested fee is not appropriate, and **GRANTS** Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). The Court awards to John Metsker DBA The Metsker Law Firm attorney fees in the amount of $6,009.00. The Court orders John Metsker DBA The Metsker Law Firm to reimburse Jodie R. Behrens the amount of $1,345.41 for EAJA fees previously received.

**IT IS SO ORDERED**.

Dated: 3/21/2025

Hon. Barbara L. Major
United States Magistrate Judge